# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1366V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANNE S. ANDRES,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 20, 2017

Entitlement; Decision by Proffer; Damages; Influenza ("Flu") Vaccine; Guillain-Barre Syndrome ("GBS").

*Jeffrey A. Golvash*, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for Petitioner.

*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION FINDING ENTITLEMENT AND AWARDING DAMAGES[1]

On October 19, 2016, Petitioner Anne S. Andres filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine that she received on October 16, 2014.

In his Rule 4(c) Report, dated September 11, 2017, Respondent indicated that he does not contest entitlement in this matter. Respondent specifically stated that the Division of Vaccine Injury Compensation ("DVIC"), Department of Health and Human Services, has reviewed the

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

facts of this case and has concluded that "petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." Rule 4(c) Report at 3-4 (ECF No. 20). The Rule 4(c) Report acknowledged that "petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table." Rule 4(c) Report at 4. Although Petitioner's petition was filed before the effective date of the revised Table, Respondent recognized that "petitioner may re-file this petition and be afforded a presumption of causation under the revised Table (*see* 42 U.S.C. § 300aa-16(b))." Respondent concludes that Petitioner is entitled to an award of damages, and I hereby find that Petitioner is so entitled.

Respondent's Rule 4(c) Report also includes a proffer proposing a specific amount of compensation. *Id.* I have reviewed the file, and based upon that review, I conclude that Respondent's proffer is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer proposes:

- A lump sum payment of $114,407.51 in the form of a check payable to Petitioner.

Respondent's Proffer at II. This amount represents all damages that would be available under Section 15(a) of the Act.

In light of Respondent's proffer, and based on my review of the record (*see* § 300aa-13(a)(1)), I find that Petitioner is entitled to compensation, and that the proposed sum is reasonable. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2)). I therefore approve a Vaccine Program award in the requested amount set forth to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.