# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1366V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANNE S. ANDRES | * | Special Master Oler |
| | * | |
| Petitioner, | * | Filed: January 9, 2018 |
| | * | |
| v. | * | Reasonable Attorney's Fees and Costs; |
| | * | Paralegal Work. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey A. Golvash*, Pittsburgh, PA, for Petitioner.

*Christine Mary Becer*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS [1]

On October 19, 2016, Anne S. Andres filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that she suffered from Guillain-Barré syndrome as a result of her influenza vaccination administered on October 16, 2014. Petition ("Pet."), dated October 19, 2016 (ECF No. 1). On September 20, 2017, Special Master Corcoran issued a Decision Finding Entitlement and Awarding Damages.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Decision, dated September 20, 2017 (ECF No. 23).  Judgment was entered on September 29, 2017.  ECF No. 25.

On November 30, 2017, Petitioner filed a Motion for Attorney's Fees and Costs.  Petitioner's Fees Application ("Fees App."), dated November 30, 2017 (ECF No. 29).  Petitioners request attorney's fees in the amount of $14,885.00 and attorney's costs in the amount of $959.94.  *Id.*  In compliance with General Order No. 9, Petitioner filed a signed statement indicating that she did not incur any costs in this matter.  Fees App., Ex. B; ECF No. 28.

Respondent filed a response to Petitioner's motion on December 14, 2017.  Respondent's Response, dated December 14, 2017 (ECF No. 32).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, he "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed Mr. Golvash's detailed records of time[3] and expenses incurred in this case, and find that they are reasonable.[4]  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorney's fees and costs.  Accordingly, the undersigned awards the following **$15,844.94**,[5] representing

---

[3] The undersigned notes that Petitioner's counsel billed for paralegal-level work at an attorney rate.  For example, on October 18, 2016, Mr. Golvash billed, at an attorney rate, to send a letter to the Clerk.  *See* Fees App., Ex. A at 2.  Mr. Golvash also billed for preparing and filing an exhibit list on December 20, 2016.  *Id.* at 3.  Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins v. HHS.*, No. 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. HHS.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  Although negligible in this instance, counsel should be cognizant in the future that it is his burden to bill for paralegal-level work at a paralegal rate to avoid a reduction in fees.

[4] Petitioner's application for fees and costs relies upon a proposed hourly rate for Petitioner's counsel, Mr. Jeffrey Golvash, who practices in Pittsburgh, Pennsylvania.  Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and I find that the total sum requested is reasonable under the circumstances.  Therefore, I do not reach the question of whether Mr. Golvash is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  This decision does not constitute such a determination.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

$14,885.00 in attorney's fees and $959.94 in attorney's costs, in the form of a check payable jointly to Petitioner, Anne S. Andres, and Petitioner's counsel, Mr. Jeffrey A. Golvash, Equire, of Brennan, Robins & Daley, P.C.  The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

<u>/s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.